{¶ 23} I concur, but write separately to emphasize my reasons for overruling appellant's first assignment of error. In his brief, appellant acknowledges that Civ. R. 75 and R.C. 3119.63 et seq. present alternative mechanisms for invoking the trial court's continuing jurisdiction over an existing child support order. Indeed, appellant does not argue that the trial court lacked jurisdiction over the support order absent a Civ. R. 75(J) motion. Rather, he argues that because the R.C. Chapter 3119 administrative proceedings concerned only the calculation of child support, the court only had jurisdiction over the support order, and had no power to award attorney fees.
 {¶ 24} I agree with appellant's proposition that R.C. Chapter 3119
only invoked the court's continuing jurisdiction as to child support, and it did not confer upon the court the power to award attorney fees. The real question for our resolution is whether any other statute
conferred the power to award attorney fees.
 {¶ 25} As the lead opinion states, R.C. 3123.17(B) provides that "[w]hen a court * * * modifies a court support order, the court may include in the support order a statement ordering either party to pay the costs of the action, including, but not limited to, *Page 10 
attorney's fees * * *." This statute provided the trial court with the power to award attorney fees because the court "modifie[d] a court support order"; thus, no Civ. R. 75(J) motion for attorney fees was needed.
 {¶ 26} Indeed, appellant acknowledges, at page 9 of his brief, the court may make an order in the exercise of its continuing jurisdiction when: (1) a party files a Civ. R. 75(J) motion requesting the order, or (2) the Ohio Revised Code specifically confers jurisdiction to make the order. Since R.C. 3123.17(B) specifically conferred jurisdiction to award attorney fees in this case, then even under appellant's correct framing of the issue, a Civ. R. 75 motion was not necessary to empower the trial court to award attorney fees.
 {¶ 27} This is also why appellant is incorrect when he asserts that the trial court was constrained to deal only with the issue that was before FCCSEA, citing cases in which courts of appeals held that trial courts are not required to conduct a de novo review of FCCSEA administrative proceedings.[1] R.C. Chapter 3119 proceedings dictate the issue insofar as they concern the amount of a child support order, but they do not preclude operation of the various other statutes that empower the court, and sometimes mandate it, to make certain types of orders. (See, e.g., R.C. 3119.71, which requires the court to relate any support order modification back to a particular date; R.C. 3119.82, which requires the court to designate which parent may claim the dependency exemption whenever it modifies a child support order.) *Page 11 
 {¶ 28} Pursuant to R.C. 3123.17(B), attorney fees may be sought and awarded whenever the trial court modifies a support order. Thus, appellant had notice, by virtue of the foregoing statute, that the court was empowered to award attorney fees in connection with its modification of the parties' child support order, whether that modification followed R.C. Chapter 3119 administrative proceedings, or whether it resulted from a Civ. R. 75 motion by one of the parties.
 {¶ 29} It is for these reasons that I concur in overruling appellant's first assignment of error. I also concur in overruling the second assignment of error and in affirming the judgment.
[1] Rodriguez v. Rodriguez (May 2, 2001), Lorain App. No. 00CA007699;Gross v. Wilson (Mar. 31, 1995), Greene App. No. 94-CA-57. I note, as the trial court in this case did, that this court in Headley v.Headley (May 29, 1997), Franklin App. No. 96APF07-954, found no error in the trial court's remand to its magistrate to conduct a full evidentiary hearing on an administrative review of a child support order, for purposes of determining whether the agency's revised child support amount was "appropriate" or whether it needed to be revised, pursuant to the then-applicable predecessor to R.C. 3119.66. *Page 1